Next case on our call this morning is agenda number 13, case number 106010, Maxine Smith et al. v. Janet Freeman et al. Counsel may proceed as soon as you're ready. Good morning. May it please the Honorable Court, Counsel. My name is Mark Bovard, and I appear before this court this morning on behalf of the plaintiff appellants, which include Maxine Smith and various heirs of Goldie Carver, the decedent. The record will show that at the trial court level, the plaintiffs were successful in undoing various transactions between the defendants and the decedent that occurred in the 42 days before the decedent's death. Those transactions were set aside by the trial court after the parties had consented to submitting a previous trial transcript to that judge for consideration. This issue was not objected to by the defendants at the trial level, and it was not raised by the defendants at the appellate level. It was first brought to issue when, after the case had been briefed, the appellate court of the Fourth District instructed the clerk to advise the parties to be prepared to address the case of Anderson v. Kohler at oral arguments. The precipitating case, Anderson v. Kohler, concerned whether or not a party's due process rights allowed for a subsequent trier of fact to consider prior trial transcript testimony without actually seeing the witnesses present live testimony. Mr. Bovard, was witness credibility significant in this case? The Fourth District found it was, Justice Thomas. I would proffer that there were certain disputes. I would also proffer that it was essentially undisputed that the defendants were fiduciaries as a matter of fact and as a matter of law, given their undisputed relationship with the decedent. Doesn't it make sense, if witness credibility is significant in the case, that perhaps the prudent way to go as a successive judge should not rely on transcripts, but rather be able to observe the witnesses and their demeanor? I believe in this particular case, Justice Thomas, that that is a decision that was best left to the parties, meaning both the plaintiffs and the defendants had the opportunity to confer with their counsel and decide whether or not is credibility an issue, and if it is an issue, is it best that we proceed before the trial judge with a new trial, or is it best that we proceed based on the trial transcripts? So your argument isn't that with a better procedure would be that a judge hears the testimony live. Your argument is that you can agree to put that on the back burner and just go based on the transcripts, and that's what happened here. Yes, that is correct. And with that, I think one could reasonably conclude or infer that the defendants deliberated over that decision in this instance. We're dealing with a written consent. It's not an instance where the trial judge suggested we proceed in this way or ordered that we proceed in this way, but rather it was a circumstance where the parties voluntarily chose to proceed this way as evidenced by the written consent that was signed. To the case you just cited, the facts were not the same, were they? They were not. In that instance, there was an objection to proceeding by way of stipulation. Precisely, and I think that is a significant distinction that needs to be made that the Fourth District failed to reach in its decision in this case. In the Anderson v. Kohler case, I believe that it was a suggestion of the subsequent trial fact that they used prior trial transcripts. And in that instance, one of the litigants was pro se. Here, we do not have those discrepancies, meaning the parties had the ability to make the decision with counsel. There were no other aggravating circumstances, so to speak, that would warrant the second guessing of the decision that the litigants made in this instance. And Justice Fitzgerald, Chief Justice, if I could point out that the other case, N. Ray marriage of Sorenson, likewise did not have the same factual scenario that we have here. In that case, it was again the trial judge's idea. It was a pro se litigant, and there were public policy issues present, meaning it would concern the custody of minor children. None of those factors are present in this case. The appellate court really found, though, that it's a due process right. You can't bargain in a way that agreement or not, there was really no trier of fact in light of the fact that no one was making the credibility determination. Succinctly put, that's correct. It really never got to, did not discuss in the order in this case the validity or invalidity or the enforceability of the consent. The fourth district simply concluded that because credibility was an issue upon which the case could hinge, it was going to reverse and remand this case for a new trial. Is your argument, Mr. Bavard, that it doesn't have due process implications or rather that you could even bargain away those? The latter. I don't choose to use the word bargain away because I think a person is making an informed and calculated decision when you have counsel and have an opportunity to make that decision. One could easily conclude that in this case the defendants thought about it and thought we could have a new trial or maybe the evidence came in well during the first bench trial and we're not going to present it any better the second time. Or maybe this second judge is not going to find this credible and will have a bad appearance and we're better off submitting this case via trial transcript. To use your term bargain away, yes, I believe if a party has that opportunity and it's well established law in Illinois that you can consent to submitting a case on trial transcripts. That was set forth in the case of Inouye the Marriage of Fosh and it cited a Minnesota Supreme Court case from 1937, Great Northern Railway. And it stated in that case that parties can consent to the submission of a case on trial transcripts to a subsequent trial fact. And one of the points of reasoning was that in the state of Minnesota they allowed the use of depositions at the time of trial. And we have the same reasoning in Illinois under Supreme Court Rule 212B. Parties can submit evidence depositions at the time of trial and under the pattern jury instructions they would be given the same consideration as though that witness testified on the stand before the trial fact. Now granted, that person cannot be evaluated, meaning they can't hear the tone of the person's voice or expressions on their face. But nonetheless, it's up to the litigant to decide whether or not they want to deprive any aid the trial fact may get from those factors. And if a litigant concludes that we don't want this particular witness to appear before the trial fact, that's the litigant's choice. It's not for the appellate court or even the trial court to second-guess that. If it's up to the litigant and they choose freely and voluntarily to do so, then that decision is one they have to live with and they cannot be second-guessed. Does that wreak havoc with courts of review, though, that typically would have to defer to, you know, the credibility determinations made by the trial judge? If, indeed, he didn't make any observations, are they supposed to look at the same transcript, the same record, and the reviewing court then has to determine who's more credible based on the written word? I think that is where the Fourth District got to where we are today, meaning there was a dispute as to what the standard of review was going to be. And as much as the trial judge simply relied upon the trial transcripts and the documentary exhibits that were admitted at trial, but nonetheless, one can still readily make credibility determinations on a trial transcript. Granted, they don't have, as I stated, the tone of voice or the facial expressions, but one can still make credibility determinations based upon a witness's testimony and conclusions they proffer and statements they make at that time. And so while it is not the full gambit of one's credibility being measured, that decision can still be made. And if I could utilize the Supreme Court Rule 212B analogy that I'd set forth in our argument, if you have a medical negligence case and both parties agree that they'll simply submit their experts via evidence depositions, and those depositions are read into the record as presented at the jury trial, that's a valid move. That's a way of proceeding under the Supreme Court rules, but the jury is going to only have the testimony as read to them. They're not going to be able to make the credibility determinations you suggest, Justice Thomas, but nonetheless, they can still make a decision and make their verdict based upon the two battle of the expert opinions. And so if that's the way the litigants want to proceed, then they are allowed to do so under Illinois law. The public policy reasonings that are cited in the cases that the Fourth District and the defendants rely upon aren't present in this case either, meaning we do not have an instance where we have a pro se litigant or a litigant that is in a worse position, meaning no attorney, or we do not have an instance where we're dealing with third parties. The cases of Sorenson comes to mind where you're dealing with the interest of a minor child, and I think that's sui generis, meaning a peculiar case where we want to go out of our way to make sure the best interests of those children are met, and in order to do so, we need to make sure that all the credibility determinations are brought to bear at the trial court level. The other issue that I would like to address this morning, if I might, is the issue of waiver. At no time did the defendants object to the proceedings in the manner in which they were held at the trial court. In fact, the record will show clearly that the attorney signed a consent to proceed in this fashion, and that they submitted this case in the same manner that the plaintiffs did. Further, I believe the record will show that this was not an issue that they even raised in their appellate court brief. Rather, it was only the Fourth District that raised it sua sponte. And it's our position that in this instance, when parties are represented by counsel and have had the opportunity to deliberate, the onus is on them to raise the issue, either at the trial court or the appellate court level, or it's waived. Now, I recognize that there are discrepancies. I believe they cited Supreme Court Rule 366, where appellate courts can, in the interest of justice, raise issues. But that is not an instance in this case, for the reasons that I have already stated here this morning. If your honors have no further questions, I thank you for your interest and your consideration. And I'll step aside for my opponent. May it please the court, counsel. My name is Marty Seamer. I'm honored to be here today on behalf of the defendants in the trial court, the appellants in the Fourth District and the appellees here, Janet Freeman and Cheryl Freeman. It's actually with great irony that I stand here before you today. To understand that irony, consider the position that my clients were put in almost two and a half coming up on three years ago. After spending two days in trial, one of the plaintiff's witnesses came forward and suddenly realized that just maybe she had talked with the trial judge at a point when he had been state's attorney prior to rising to the bench. Despite no recollection, no notes, no record of any contact whatsoever, the judge did recuse himself anyway over my client's objection. And that truly did put my clients in a tough position. They either incur the expense of a new trial or they let a new trial judge decide the case without seeing a single party or a single witness. And that's the route that ended up being taken. They decided to agree on that latter option. And here's the great irony, part of the consideration was they thought it might be a more efficient way to get a favorable resolution to this matter. Now, here we are, one adverse judgment, two appeals, almost three years and untold legal fees later, and we're still going. And it's hard to say when we're going to see the end. Certainly not the result, not the argument, not the issue my clients had hoped for. It was not an issue we raised in the appellate court. We felt, and I still feel, that we had a strong case for reversal on the merits. It was an issue raised by the appellate court, but perhaps this case can serve instead as a lesson in why the fourth court or fourth district's decision in this case was correct. When you start messing around with the proper roles of the courts, you're just asking for trouble. At the heart of all of this... Fundamental level, though, counsel, why shouldn't a party be able to waive their rights with the advice of counsel in writing, as was done in this case? I mean, even if it's a due process right, you can waive those in other circumstances. Why shouldn't you be bound by that? I think the argument regarding the standard of review enlightens that issue. In the appellate court brief, we argued that there should be a de novo standard of review, because basically what the trial judge did in this case was consider documentary evidence. Therefore, the deference that is normally given to the trial court, because they were there on the front line observing the witnesses, the mannerisms, the intonation, that deference does not apply, because it wasn't there. It was based solely on documentary evidence. Well, what impact would that have on the many other cases in which evidence depositions are used? Sometimes even they stipulate to use some discovery deposition material. Is this going to, if we agree with you, would this put in peril those cases? In other words, somebody can come back later and say, well, I didn't like the result here, and so it would have been better if the trial judge had heard these witnesses live. So I ought to get another bite at the app? And I don't think that will be the case here, because the use of depositions, there are restrictions on doing so. Both discovery and evidence depositions under Supreme Court Rule 212, there have to be underlying circumstances allowing the use of those depositions. Medical depositions are one example, when there's a death or an infirmity that prevents a witness from appearing. You look through Rule 212, and there has to be an underlying reason for the use of the deposition first, and that was not the case here, and I think that, again, speaks to the role of the judiciary and whether I think that, well, first of all, I know that you didn't raise this. It was raised by the appellate court, but in keeping with the theme of Justice Garmon's question, won't it be a little easier in these situations for the appellate court, courts of review, to work on what the appropriate standard of review than it would be for a trial judge in sitting there and determining what can be agreed upon and what can't be agreed upon? And as Justice Garmon said, even in criminal context, due process rights are waived all the time. So why should we worry about that in a civil context here, and just let the appellate court work out what the appropriate standard of review is, if indeed parties agree to stipulate as to using documentary evidence versus live testimony? And I think that's a fair question. The Kirshenbaum case, that was a case that was cited in the Fotch case and is referred to in both briefs, was a case where we had a similar factual background. And the court there found that the second judge who had considered transcripts was free to make whatever decision that judge thought proper, but since that judge did not hear or see the witnesses, he was in no better position to pass on the evidence than the reviewing court, and so the court concluded they could make that same type of determination. They could make an independent determination of the findings of fact after examining the record. That was actually the argument we presented in the court below. However, the Sorensen case, some of the language in that case I believe brings it to a new level and brings the issue before the court here today when there are critical determinations that hinge on the credibility of witnesses. The Sorensen court says at that point even a stipulation of the parties may not be sufficient. The appellate court decision doesn't come right out and state it. I believe the underlying concern, the critical determination at issue there is the role of the judiciary and whether the appellate courts of review should be put into the position of being essentially the primary trier of fact. I understand that that's the role of the judiciary in observing the demeanor of the witnesses, but both parties had attorneys there who also observed the demeanor of the various witnesses, and evidently they saw nothing in their demeanor that would stop them from entering into the stipulation. Should we take that into consideration as well? I think both sides probably thought their testimony favorable, otherwise there wouldn't have been a stipulation. Again, the effect of having all of the testimony presented by transcripts, and I think that's a distinction that maybe has been overlooked in the briefs and in the cases that are cited here. In cases where there was a partial reliance on transcripts but partial live testimony, there was some opportunity to make credibility determinations, the courts have seemed to allow that. It's in cases, the Sorenson case is an example where there was no testimony whatsoever presented live before the judge that it was found improper to proceed on that basis. In Sorenson, though, didn't the trial judge initiate the discussion about doing the stipulation? That's correct. And then my next question is, what does this case show? Did the trial judge initiate this, or is this something that parties came to the judge and said, here's what we want to do? I don't believe the record reflects that one way or another. I believe, of course, it was initiated by the initial judge, Judge Everhart, recusing himself, but I don't believe he suggested this to the parties. I believe it was, although not reflected in the record, it was the parties who came forward and presented this as an option. It first went to Judge Andrews for consideration, and he actually began his review of the transcripts, and then he retired, and so the case was assigned to Judge Sini, and he required the written stipulation before proceeding. Counsel, there's also a substantive issue in this case. I want to know what the status of that is, the substantive issue being whether or not the decision adverse to the Freemans was correct or not. And my position is that, no, it was not correct. Okay. You know I knew that? But there is a possibility here that you could get an adverse ruling on the procedural issue before us. You know, I view it kind of as an invited error situation, which is pretty difficult sometimes to get around. My question is, beyond that, do you presently have any vehicle to reach the merits of the case? Before this Court? I do not believe so. Do you want this remanded to the appellate court then for a decision on that? I think essentially there are three options here. One is to remand to the appellate court for argument on the merits, as originally presented in the brief. Another option is to affirm the appellate court and allow this to be remanded to the trial court for a new trial. The third option within the power of this Court, I believe, would be to go ahead and consider the merits, although that's not an issue we raised before this Court. I certainly believe the Court has the power to do so. Do you believe a remand for the decision on the merits would be proper? I do. Assuming the procedural argument fails. Assuming you lose the procedural argument. Correct. And again, I'm sure the Court is well aware that was not the primary argument we presented in the appellate court. Our primary argument was that it was an error in entering the judgment in the trial court. It should have been reversed and remanded with judgment entered in favor of the defendants. However, I believe there is merit to the appellate court's decision and the concern that was present there over the role of the judiciary and whether to apply this as a manifest way to the evidence standard of review, a de novo standard of review, or simply to say, as the appellate court did, this is not proper procedure, it violates due process, and for those reasons it has to go for a new trial. Of those three options, of course, my position is, first of all, the appellate court was correct, but if this Court does not agree with that, the de novo standard of review should be required if it is remanded to the appellate court. I have nothing further unless the Court has any further questions. Thank you. Counsel, if I may ask you the same question before you go off in the direction you want to go. Your Honor, I would anticipate that if the plaintiff appellants were successful on this appeal, the matter would be remanded to the Fourth District for determination on the merits, as much as that determination was not made in the immediate appeal from the trial court level. That is not to say this Court lacks authority to make a decision on the substantive merits. And with that being said, I have somewhat of a concern that if that process is followed, meaning it is remanded for determination on the merits, we are going to have oppositional viewpoints on the standard of review. I am going to argue it is manifest weight, and the defendants are going to argue it is de novo. I believe manifest weight is appropriate, even though it was only on the documentary evidence and the trial transcripts, because one can still make a credibility determination based upon the deposition of the trial testimony. An example would be that if all of the witnesses are saying that this 90-year-old woman was disabled and at home all the time, and another witness has said they rarely walked eight miles, I believe a reasonable trier of fact to conclude that the latter is not a credible witness. And the trier of fact would not have seen this person, would not have heard this person, but the trier of fact could still make that credibility determination simply based upon reading the trial testimony. But, excuse me, what puts the trier of fact in that case in a better position than a court of review that would review exactly the same transcripts? I suppose that is a point well taken, Justice, but at the same time it has always been the standard that in a bench trial we defer to the trier of fact on a bench trial as opposed to a summary judgment motion. Under the possible procedure we are talking about, wouldn't it be best to leave the answer to that question to the appellate court? Yes, Chief Justice, I agree with that. Justice Garmon, I don't believe you got a direct answer to why a party cannot waive due process rights, and I think you didn't get a direct answer from counsel because you can waive the due process rights. And I would call what happened here dealing with less fundamental rights than what defendants in a criminal case would have. And what needs to be determined is whether that waiver in this case was voluntary, no dispute it was, whether it was deliberated, no dispute it was, whether it was with counsel, no dispute it was. And as Justice Freeman suggested, the attorneys who were counseling these people about signing this consent had an opportunity to evaluate the live testimony and give that advice to the counsel as to whether this was an advantageous way to proceed. Do you agree with your opponent that the record in this case below, from the trial level, doesn't show that the trial judge initiated this action or not? I'm the only attorney that's been in this throughout the duration of it, and I have trouble myself separating what's actually occurred from what's in the record, so I apologize for my hesitance in saying this. What I think the record shows is that the parties drafted the consent, that the attorneys for the parties signed that consent, that it was filed and approved by Judge Sini. I believe the record does suggest that Judge Sini at some point actually required that the attorneys memorialize this agreement into writing, if that makes sense. It was suggested, and he wasn't comfortable with a verbal suggestion, and so it had to be memorialized into consent that is actually now part of the record. But to say that Judge Sini suggested it or the attorneys, I can't honestly represent that the record reflects that. I know what happened, but the record is replete of that. Counsel, did you say in your opening argument that you had objected originally? Let me make sure I'm clear about this. About the conflict, that he was recusing over your objection, or did the other counsel say that? That was the other counsel. I think there was a concern about Judge Eberhardt took the evidence, and after the two days he said he was going to recuse himself, and the defendants had paused because we had already tried the case, and they didn't want to go to further expense of another trial, so they may have objected to him recusing himself at that point in time. But on the record, did your party object or consent? We did not. We did not make any comment about the conflict. I don't recall, but I can confidently say we did not object to the recusal. With that being said, we would ask the Court to reverse the ruling of the Fourth District Appellate Court. Thank you. Thank you, Counsel.